James ALLISON; Flora Allison, Plaintiffs—Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant—Appellee.

No. 06–35788.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2008 *.

Filed Feb. 12, 2008.

William C. Budigan, Esq., Budigan Law Firm, Seattle, WA, for Plaintiffs–Appellants.

Michael Simpson Rogers, Reed McClure, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM **

This appeal concerns a lawsuit filed by the Appellants James and Flora Allison

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

("the Allisons") against Appellee State Farm Mutual Automobile Insurance Company ("State Farm") in state court in Washington State. In the state court action, the Allisons asserted insurance coverage of State Farm after an accident. During jury selection in that case, the Allisons objected to participation of four jurors who held State Farm insurance policies. The state court denied the Allisons' motion to have the jurors removed, and the jury later returned a verdict for the Allisons but awarded less than the Allisons sought. The Allisons appealed the verdict in the state courts, seeking a new trial. The state courts rejected the appeal, and the case was remanded for consideration of fees and costs. The Allisons' motion for fees was denied and the Washington Supreme Court and the U.S. Supreme Court denied further review.

The Allisons thereafter filed this suit in the United States District Court for the Western District of Washington, alleging that the state court had violated their constitutional rights under the Fifth, Sixth, Seventh, and Fourteenth Amendments by permitting State Farm customers to sit on the jury. The complaint makes few allegations relating to State Farm, referring mostly to the actions and decisions of the state courts. Among other things, the complaint seeks damages claimed in the original state court suit, the attorney fees they sought in the state-court litigation, an order for a new trial in the state courts, and remand to the state courts for "all possible remedies and relief."

The district court granted State Farm's motion to dismiss because it concluded that it lacked jurisdiction and that the Allisons had failed to state a claim against State Farm.

A district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) is reviewed de novo, *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004), as are dismissals pursuant to the *Rooker–Feldman* doctrine, *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir.2004).

Federal district courts lack jurisdiction to hear claims that are actually attempted appeals of state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). When a case is a forbidden "de facto appeal," the district court lacks jurisdiction over all issues which are "inextricably intertwined" with an issue resolved by the predicate decision of the state court. *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir.2003).

We conclude that the Allisons have brought a de facto appeal of the state court judgment. They have at times even argued that they have a right to appeal a state court judgment in the federal district courts, contrary to *Rooker–Feldman*. Their claims are inextricably intertwined with the de facto appeal; in fact, the Allisons' complaint is directed largely at the alleged errors in the state court, which have been considered and rejected on direct appeal in the state court system, with the U.S. Supreme Court declining review thereafter.

The Allisons cite to cases from outside this circuit that hold, in substance, that *Rooker–Feldman* does not apply where the plaintiff asserting claims in the federal district court did not have a reasonable opportunity to raise the relevant issues in the state court proceedings. We have recognized similar limitations on *Rooker–Feldman*. *See, e.g., Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir.2004) (concluding that a suit alleging extrinsic fraud in a state court suit is not barred by *Rooker–Feldman* ). The principle in such

cases has no application here, because the Allisons had the opportunity to raise and did raise in prior state court litigation the issues now asserted. The mere fact that plaintiffs allege that errors were made in state court proceedings does not give them a right to seek redress in the federal district courts.

The district court correctly determined that it lacked jurisdiction under *Rooker–Feldman.*[1]

AFFIRMED.

---

1. Because the action was correctly dismissed on that basis, we need not consider whether the district court also correctly dismissed the action for failure to state a claim or for other jurisdictional failures.